IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 23-10123 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ABDUL K. FAKIR, SR. and | ) |
| PIPER G. FAKIR, | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401, brings this civil action to (1) reduce to judgment unpaid federal tax liabilities jointly owed by Abdul K. Fakir, Sr. and Piper G. Fakir for the 2001, 2002, 2003, and 2004 tax years; and (2) reduce to judgment the unpaid federal income tax liabilities owed by Abdul K. Fakir, Sr. for the 2011, 2012, 2014, 2017, and 2019 tax years.  For its complaint, the United States alleges as follows:

### JURISDICTION AND PARTIES

1. The district court has jurisdiction pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1331, 1340, and 1345.

2. The defendants Abdul K. Fakir, Sr. and Piper G. Fakir reside in Wayne County, Michigan, within the jurisdiction of this Court.

## COUNT ONE
**(Claim Against Abdul K. Fakir, Sr. and Piper G. Fakir to Reduce Joint Income Tax Liabilities to Judgment)**

3. A delegate of the Secretary of the Treasury made joint assessments against Abdul K. Fakir, Sr. and Piper G. Fakir for income taxes for the periods, on the dates, and in the amounts described below. These liabilities have balances due as of December 9, 2022, including assessed and accrued late-filing and late-payment penalties under 26 U.S.C. § 6651 or penalties for failure to make estimated tax payments under 26 U.S.C. § 6654, costs, and statutory interest, and after applying any abatements, payments, and credits, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 12/09/2022 |
|---|---|---|---|---|
| 12/31/2001 | 11/25/2002 | Tax | $74,128.00 | $89,113.69 |
| 12/31/2002 | 12/08/2003 | Tax | $61,121.00 | $71,599.49 |
| 12/31/2003 | 07/12/2004 | Tax | $58,828.00 | $26,288.87 |
| 12/31/2004 | 10/31/2005 | Tax | $101,762.00 | $124,687.51 |
| **Total** | | | | $311,689.56 |

4. Notice of the liabilities described in paragraph 3 was given to, and payment demanded from, Abdul K. Fakir, Sr. and Piper G. Fakir.

5. Despite proper notice and demand, Abdul K. Fakir, Sr. and Piper G. Fakir failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, they remain liable, jointly and severally, to the United States in the amount of $311,689.56, plus statutory additions and interest accruing from and after December 9, 2022.

6. Abdul K. Fakir, Sr. and Piper G. Fakir filed a petition to commence a Chapter 11 bankruptcy case implicating the income tax periods ending December 31, 2001, December 31, 2002, December 31, 2003, and December 31, 2004, on March 7, 2005.  *In re Fakir*, No. 05-46724 (Bankr. E.D. Mich.) (Dkt. No. 1).  That bankruptcy proceeding culminated in the entry of an order confirming their Second Amended Plan of Reorganization, subject to the modifications specified by the Bankruptcy Court in its confirmation order, on March 24, 2006.  *Id.* at Dkt. No. 90.

7. The Bankruptcy Court's confirmation order amended the Second Amended Plan of Reorganization, *inter alia*, to provide that upon the failure of Abdul K. Fakir, Sr. and Piper G. Fakir "to make any payment due" on specified tax claims of the IRS "which is not cured within 30 days of the mailing of a written notice of default" to them by the IRS, the IRS "may exercise all rights and remedies applicable under non-bankruptcy law for the collection of its entire

claim[.]" *In re Fakir*, Dkt. No. 90, at p. 12. The confirmation order further specified that the remaining balance of the IRS's claims in the bankruptcy case would only be discharged upon the "full payment" of the foregoing specified tax claims. *Id.*

8. The IRS sent Abdul K. Fakir, Sr. and Piper G. Fakir written notice of default on September 3, 2014. Abdul K. Fakir, Sr. and Piper G. Fakir did not cure the default by October 3, 2014 (*i.e.*, within 30 days of the mailing of the default notice). Because the payments owed to the IRS pursuant to the Second Amended Plan of Reorganization, as amended by the Bankruptcy Court's confirmation order, were not fully paid, the tax liabilities embraced by the bankruptcy case were not discharged.

9. On February 3, 2016, Abdul K. Fakir, Sr. and Piper G. Fakir entered into an installment agreement with the IRS with respect to, *inter alia*, the income tax periods ending December 31, 2001, December 31, 2002, December 31, 2003, and December 31, 2004 pursuant to 26 U.S.C. § 6159. That installment agreement was terminated on March 2, 2020.

10. On April 13, 2021, Abdul K. Fakir, Sr. and Piper G. Fakir entered into an additional installment agreement with the IRS with respect to, *inter alia*, the income tax periods ending December 31, 2001, December 31, 2002, December 31,

2003, and December 31, 2004.  That installment agreement was terminated on April 25, 2022.

11.     Although a proceeding in court must generally be commenced within ten years after the assessment of a tax, this action has been timely commenced under 26 U.S.C. § 6502 because the statute of limitations for the income tax periods ending December 31, 2001, December 31, 2002, December 31, 2003, and December 31, 2004 was tolled pursuant to 26 U.S.C. § 6503(h) and also by 26 U.S.C. § 6331(i) and (k).

**COUNT TWO**
**(Claim Against Abdul K. Fakir, Sr. to**
**Reduce Income Tax Liabilities to Judgment)**

12.     A delegate of the Secretary of the Treasury made assessments against Abdul K. Fakir, Sr. for income taxes for the periods, on the dates, and in the amounts described below.  These liabilities have balances due as of December 9, 2022, including assessed and accrued late-payment penalties under 26 U.S.C. § 6651 or penalties for failure to make estimated tax payments under 26 U.S.C. § 6654, costs, and statutory interest, and after applying any abatements, payments, and credits, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 12/09/2022 |
|---|---|---|---|---|
| 12/31/2011 | 11/19/2012 | Tax | $59,738.00 | $85,416.35 |

| 12/31/2012 | 11/18/2013 | Tax | $15,856.00 | $9,003.91 |
| 12/31/2014 | 11/23/2015 | Tax | $22,584.00 | $19,308.86 |
| 12/31/2017 | 10/29/2018 | Tax | $60,233.00 | $26.03 |
| 12/31/2019 | 11/23/2020 | Tax | $105,417.00 | $75,003.90 |
| **Total** | | | | $188,759.05 |

13. Notice of the liabilities described in paragraph 12 was given to, and payment demanded from, Abdul K. Fakir, Sr.

14. Despite proper notice and demand, Abdul K. Fakir, Sr. failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, he remains liable to the United States in the amount of $188,759.05, plus statutory additions and interest accruing from and after December 9, 2022.

15. On February 3, 2016, Abdul K. Fakir, Sr. entered into an installment agreement with the IRS with respect to, *inter alia*, the income tax period ending December 31, 2011 pursuant to 26 U.S.C. § 6159. That installment agreement was terminated on March 2, 2020.

16. On April 13, 2021, Abdul K. Fakir, Sr. entered into an additional installment agreement with the IRS with respect to, *inter alia*, the income tax

period ending December 31, 2011. That installment agreement was terminated on April 25, 2022.

17. Although a proceeding in court must generally be commenced within ten years after the assessment of a tax, this action has been timely commenced under 26 U.S.C. § 6502 because the statute of limitations for the income tax period ending December 31, 2011 was tolled pursuant to 26 U.S.C. § 6331(i) and (k).

WHEREFORE, the plaintiff United States of America requests the following relief:

A. Judgment against the defendants Abdul K. Fakir, Sr. and Piper G. Fakir, jointly and severally, for income tax liabilities for the periods ending December 31, 2001, December 31, 2002, December 31, 2003, and December 31, 2004, in the amount of $311,689.56, plus statutory additions and interest accruing from and after December 9, 2022, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

B. Judgment against the defendant Abdul K. Fakir, Sr. for income tax liabilities for the periods ending December 31, 2011, December 31, 2012, December 31, 2014, December 31, 2017, and December 31, 2019, in the amount of $188,759.05, plus statutory additions and interest accruing from and after December 9, 2022, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c); and

    C.    The United States of America shall recover its costs, and be awarded such other and further relief as the Court determines is just and proper.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Depart. of Justice

Local Counsel:

DAWN N. ISON
United States Attorney

KEVIN ERSKINE (P69120)
Assistant U.S. Attorney
United States Attorney's Office
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-9610
Email: Kevin.Erskine@usdoj.gov

*/s/ Noah D. Glover-Ettrich*
NOAH D. GLOVER-ETTRICH
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-514-9838 (v)
202-514-5238 (f)
Noah.D.Glover-Ettrich@usdoj.gov